J-S62001-19

NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| JAYQUON MASSEY | : | |
| | : | |
| Appellant | : | No. 799 WDA 2017 |

Appeal from the PCRA Order May 3, 2017
In the Court of Common Pleas of Allegheny County
Criminal Division at No(s):  CP-02-CR-0003771-2008

BEFORE:  PANELLA, P.J., KUNSELMAN, J., and FORD ELLIOTT, P.J.E.

MEMORANDUM BY PANELLA, P.J.:                          FILED JANUARY 24, 2020

Jayquon Massey appeals pro se from the denial of his second petition filed pursuant to the Post Conviction Relief Act, 42 Pa.C.S.A. §§ 9541-9564 (PCRA), as untimely. Specifically, he claims that the PCRA court erred in finding that he failed to plead and prove applicability of the newly discovered fact exception to the PCRA time-bar, and should have granted him relief on the merits for his ineffective assistance of counsel claim. We affirm.

In 2008, Appellant was convicted of first-degree murder and related offenses and sentenced to a mandatory sentence of life imprisonment without the possibility of parole. This Court affirmed his conviction on direct appeal, and our Supreme Court denied his petition for allowance to appeal on October 14, 2011. The PCRA court subsequently dismissed Appellant's first, timely, counseled PCRA petition on the merits, and this Court affirmed the dismissal.

In September 2016, Appellant filed the instant, second PCRA petition claiming that the Allegheny County District Attorney's Office withheld exculpatory crime lab reports. The PCRA court appointed counsel, who filed a Turner/Finley[1] no-merit letter. Thereafter, the PCRA court provided notice of its intention to dismiss the petition without a hearing because Appellant failed to meet any of the exceptions to the PCRA time-bar; and granted counsel's request to withdraw. The court then dismissed the PCRA petition and this timely appeal followed.

On appeal, Appellant raises two questions.

1. Whether the PCRA court err[ed] in dismissing Appellant's PCRA motion under auspice it lacked jurisdiction to rule on a timely filed PCRA under newly discovered fact doctrine pursuant to 42 Pa.C.S.A. § 9545(b)(1)(i)-(iii), (2), and whether PCRA court err[ed] in not conducting an evidentiary hearing to determine if Appellant suffered a complete 14th amendment right violation under Brady/Bagley doctrine when the court [ac]cepted the PCRA counsel no-merit letter as the basis of it[s] dismissal of Appellant's PCRA motion?

2. Whether Appellant suffered a 14th amendment violation when the district attorney's office of Allegheny County withheld exculpatory and impeaching material evidence in violation of Brady/Bagley doctrine, and PCRA counsel's ineffectiveness deprived Appellant a fair opportunity to address his Brady/Bagley violation when he filed a no-merit letter in contrary to Appellant newly discovered evidence?

Appellant's Brief, at 5 (most capitalization omitted).

Our standard of review is well settled. "When reviewing the denial of a PCRA petition, we must determine whether the PCRA court's order is

---

[1] Commonwealth v. Turner, 544 A.2d 927 (Pa. 1988) and Commonwealth v. Finley, 550 A.2d 213 (Pa. Super. 1988) (en banc).

supported by the record and free of legal error." Commonwealth v. Smith, 181 A.3d 1168, 1174 (Pa. Super. 2018) (citation omitted). While we are generally bound by a PCRA court's credibility determinations, we apply a de novo standard to our review of the court's legal conclusions. See id.

"A PCRA petition, including a second or subsequent one, must be filed within one year of the date the petitioner's judgment of sentence became final, unless he pleads and proves one of the three exceptions outlined in 42 Pa.C.S.[A.] § 9545(b)(1)." Commonwealth v. Jones, 54 A.3d 14, 16 (Pa. 2012) (citation and footnote omitted). A judgment of sentence becomes final at the conclusion of direct review, or at the expiration of time for seeking such review. See id. at 17.

Here, our Supreme Court denied Appellant's petition for allowance of appeal on October 14, 2011. Therefore, his judgment of sentence became final on January 12, 2012, when the ninety-day period for filing a petition for writ of certiorari with the United States Supreme Court expired. See 42 Pa.C.S.A. § 9545(b)(3). Accordingly, Appellant was required to file his PCRA petition by January 12, 2013. Because his instant petition was dated September 15, 2016, it is patently untimely.

However, Pennsylvania courts may consider an untimely PCRA petition if the appellant can plead and prove one of the exceptions to the PCRA's one-year time-bar. The PCRA provides three exceptions to its time-bar:

> (i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the

claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;

(ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

(iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S.A. § 9545(b)(1)(i)-(iii). A petitioner asserting one of these exceptions must file a petition within sixty days of the date the claim could have first been presented. See 42 Pa.C.S.A. § 9545(b)(2).[2] Exceptions to the time-bar must be pled in the petition, and may not be raised for the first time on appeal. See Commonwealth v. Burton, 936 A.2d 521, 525 (Pa. Super. 2007).

In his petition, Appellant invokes the newly discovered fact exception. The newly discovered fact exception "has two components, which must be alleged and proved. Namely, the petitioner must establish that: 1) the facts upon which the claim was predicated were unknown and 2) could not have been ascertained by the exercise of due diligence." Commonwealth v. Bennett, 930 A.2d 1264, 1272 (Pa. 2007) (citation, internal quotation marks, and emphasis omitted). Due diligence requires the petitioner "take reasonable

_____

[2] On October 24, 2018, the General Assembly amended section 9545(b)(2) of the PCRA statute to expand the time for filing a petition from sixty days to one year from the date the claim could have been presented. See 2018 Pa.Legis.Serv.Act 2018-146(S.B. 915), effective December 24, 2018. Importantly, the amendment applies only to claims arising on or after December 24, 2017. See id. Here, Appellant filed his petition on September 15, 2016. As a result, the sixty day period applies.

steps to protect his own interests." Commonwealth v. Monaco, 996 A.2d 1076, 1080 (Pa. Super. 2010) (citations omitted). Furthermore, "[a] petitioner must explain why he could not have obtained the new fact(s) earlier with the exercise of due diligence." Id. "The focus of the exception is on the newly discovered facts, not on a newly discovered or newly willing source for previously known facts." Commonwealth v. Marshall, 947 A.2d 714, 720 (Pa. 2008).

Here, Appellant contends that an affidavit filed on July 25, 2016, by Michael W. Streily, Esq., constitutes a newly discovered fact, and his petition was filed within sixty-days of the date the affidavit was filed. See PCRA Petition, 9/15/19, at 5. Therefore, he claims he has pleaded and proved the exception to the PCRA time-bar.

Upon review, we conclude that Appellant has not proven applicability of the newly discovered fact exception. The newly discovered "fact" on which Appellant relies is Attorney Streily's affidavit stating that the forensic lab report was not available to Appellant via a right to know request.[3] However, Appellant fails to establish why he would not have been able to obtain the residue testing results at the time of trial. Moreover, Appellant has not established that the "fact" of the existence of the lab report would have altered

_____

[3] In his affidavit, Attorney Streily states that he is the right to know appeals officer for the Allegheny County District Attorney's Office. As such, he reviewed Appellant's request for forensic lab reports, and concluded that the lab reports remain exempt from disclosure under the right to know law. Appellant purportedly requested the report to establish a defense based on gunshot residue testing.

the outcome of his trial. For these reasons, Attorney Streily's affidavit does not satisfy the newly discovered fact exception to the PCRA's time-bar.

The PCRA court properly concluded that it lacked jurisdiction to consider the merits of Appellant's PCRA petition because it was untimely and does not fall under an exception to the PCRA time-bar. Accordingly, we affirm the PCRA court's order dismissing the petition.

Order affirmed.


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 1/24/2020